No. 20,367.

ANNA E. HIGLEY, *Appellee,* v. MARY DOEGE, *Appellant.*

SYLLABUS BY THE COURT.

1. SALE—*Piano—Old Piano as Part Payment—Default of Purchaser—Erroneous Instruction as to Judgment.* In an action to recover $700 alleged to be due as the purchase price of a player piano plaintiff testified that defendant was to pay $350 when the instrument was delivered, and that plaintiff was to take defendant's old piano in payment of the balance. An instruction which charged that if defendant failed to pay the $350 at the time of delivery, plaintiff was thereby relieved from all obligation to accept the old piano and could recover judgment for $700, was error.

2. SAME—*Equitable Rights of Parties Stated.* In view of all the circumstances it is held that the judgment in plaintiff's favor for $700 and interest should be modified and judgment given in her favor for $350 with interest and the right to the possession and ownership of the old piano, or in case it can not be delivered to her, to judgment in addition for its value at the time of the sale.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed October 7, 1916. Modified and remanded.

*Lee Bond,* of Leavenworth, for the appellant.

*Arthur M. Jackson,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was to recover the sum of $700 alleged to be due as the purchase price of a player piano sold and delivered to the defendant.

The petition alleged that the defendant agreed to pay $700 for the instrument. The plaintiff testified that the agreement was that the defendant was to pay her $350 in cash when the player piano was delivered, and the plaintiff was to take the defendant's second-hand piano for the other $350. There was some conflict in the testimony, the defendant testifying that the piano was not purchased outright, but that she agreed to pay $350 and give her old piano in exchange for the new one if her daughter was satisfied with the new one, and that it was to remain in her house long enough for the daughter to make

Higley v. Doege.

up her mind whether she liked it or not. The petition was drawn on the theory that the piano had been sold for $700 and that this sum was due. The plaintiff's proof showed, however, that she had agreed to take the old piano in for half of the purchase price and was to receive $350 in cash. The court instructed that if the defendant after accepting the piano failed to pay the $350 in cash, the plaintiff was under no obligation to accept the old piano as part payment. In some other respects the instructions we think tended to confuse the jury. After the jury had been out for several hours and were unable to agree upon a verdict they submitted to the court the following question: "In case a verdict for the plaintiff is rendered would the deal be consummated as originally intended, that is, the old piano being taken in at a $350 valuation?" The court in answer to this question gave an additional instruction to the effect that in case of a verdict for the plaintiff the deal could not be consummated as originally intended because the defendant had repudiated the contract and had not offered to give the plaintiff the old piano, and the court instructed that in case the jury found for the plaintiff the amount of their verdict should be the $700.

We think the instructions were erroneous in view of the facts admitted by the plaintiff, and that justice and equity will best be subserved by a modification of the judgment. It seems that the defendant offered to return the new piano to the plaintiff, and upon plaintiff's refusal to accept it, stored it subject to plaintiff's order, and that it is now in the hands of a storage company. There is no reason why the plaintiff should not be entitled to recover the $350 with interest thereon from the date of the sale, and she should also be entitled to the possession and ownership of the second-hand piano, or its value at the time the agreement was entered into in case it can not now be delivered to her.

The judgment will therefore be modified and the cause remanded for further proceedings in accordance with these views.